IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 05-30033** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ROBERT SLEDGE** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Reduce Sentence filed by defendant Robert Sledge ("Sledge") (Doc. # 44). For reasons stated below, it is recommended that the motion be **DENIED**.

### BACKGROUND

On September 28, 2005, Sledge was indicted on one count of knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On November 9, 2005, a jury found Sledge guilty of this charge. On March 20, 2006, Sledge was sentenced to 120 months imprisonment followed by eight years of supervised release. The Fifth Circuit Court of Appeals affirmed the jury's finding on October 12, 2006. On May 14, 2007, Sledge filed the instant motion.

### LAW AND ANALYSIS

The Law of § 2255 Actions

Issues that a defendant can present in a motion filed under 28 U.S.C. § 2255 are limited. There are, essentially, four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:  (1) the sentence was imposed in violation of the Constitution or laws of

the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Only cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the

error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232. Without a "colorable showing of factual innocence," the defendant fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

In his motion, taking a shotgun approach, Sledge argues that he is entitled to relief on the following grounds, all of which are blatantly frivolous:

1) Neither he nor his former counsel were ever noticed of any grand jury convening;

2) He was unable to locate any entry in the master docket sheet showing that the grand jury filed the voting concurrence records with the clerk of court;

3) He was unable to locate a transcript of the open court proceeding in which the grand jury as a body returned the indictment to the federal magistrate judge;

4) His constitutional rights were violated when the Court held a "trial with jury" (by the Court) rather than "trial by jury"; all parties present at his plea acceptance failed to inform

3

him that his constitutionally guaranteed right to a trial by jury was being formally waived and that the trial judge sitting alone would be deciding the facts relevant to his criminal conduct;[1]

5) this Court lacked subject matter jurisdiction over him because the crime occurred on land in the possession of the state of Louisiana not within the territorial jurisdiction of the United States and because the Government did not plead specific language indicating the date, time, and place of the alleged offense;

6) the Court was not authorized to sentence him to supervised release in that supervised release is a creation of the Pre-Sentence Investigation Report and not the federal criminal statutory code, which is a violation of the Separation of Powers Doctrine; and

7) Titles 18 and 28 of the United States Code are unconstitutional.

A review of the record indicates that Sledge did not raise any of his current claims on direct appeal. (Judgement/Mandate of USCA, Doc.# 41). Therefore, he is procedurally barred from raising such claims in the context of a §2255 motion unless he can show cause and actual prejudice. Sledge has alleged no facts to demonstrate either cause or actual prejudice. Thus, as he has neither claimed nor established factual innocence, Sledge is procedurally barred from raising his current claims on collateral review and it is recommended that Sledge's motion be DENIED in its entirety on this basis.

In addition, even if Sledge had raised his current claims on direct appeal, a review of the record indicates that his claims are wholly unsubstantiated and are facially meritless both as a

---

[1] Curiously, Sledge asserts that the Court controlled the fact-finding in his case in light of the fact that he plead guilty and the fact that the Court adopted of the factual findings and guideline application set forth in the Pre-Sentence Investigation Report ("P.S.R."). However, the record indicates that Sledge in fact stood trial and was found guilty by a jury of his peers. Therefore, Sledge's claim in this regard is clearly specious.

matter of fact and as a matter of law. The record shows that the defendant was arrested on a criminal complaint and that a Grand Jury indicted him less than ten days after his initial appearance. The master docket does not customarily contain an entry regarding the filing of voting concurrences, and the Grand Jury report, showing that the return was made in open court, is contained in the record at Document No.9. The record also shows that defendant was in fact tried in a jury trial and that he did not enter a guilty plea. Finally, the arguments regarding the jurisdiction of the court and the legality and constitutionality of the statutes under which Sledge was prosecuted and sentenced are likewise frivolous; the indictment is clearly sufficient, and the statutes are clearly constitutional. Accordingly, it is recommended that Sledge's motion be DENIED on its merits as well.

## CONCLUSION

For the reasons stated above, it is recommended that defendant's Motion to Vacate be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)© and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of May, 2007.

*/s/ Karen L. Hayes*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE