RECEIVED
IN MONROE, LA.
SEP 2 8 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-30033-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT SLEDGE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Robert Sledge's ("Sledge") letter petition for credit for time spent in federal custody [Doc. No. 64]. Sledge contends that he was "arrested and charge[d] on 12-1-2004 by Federal agents and taken into custody by U.S. Marshals on that date" and that he has been in federal custody since that time. He moves the Court to order the Bureau of Prisons ("BOP") to credit him with the time he spent in federal custody between his arrest on December 1, 2004, and his sentencing on March 6, 2006.

### Facts

On December 1, 2004, on the basis of a criminal complaint filed in Docket No. 04-30052, Magistrate Judge Karen L. Hayes issued a warrant for Sledge's arrest for allegedly committing the offense of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride. Sledge was arrested that day and appeared before Magistrate Judge Hayes the following day, December 2, 2004.

A detention hearing was scheduled for December 6, 2004. On that date, however, Sledge advised that he was in the process of obtaining counsel. Therefore, the detention hearing was continued.

On December 15, 2004, an Indictment issued in Docket No. 04-30052. Sledge was charged with one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On that day, Magistrate Judge Hayes referred Sledge's case to the Office of the Federal Public Defender for representation and set a detention hearing and arraignment for December 21, 2004.

On December 21, 2004, Sledge appeared with counsel for his arraignment and detention hearing. He entered a plea of not guilty. He was remanded to the custody of the U.S. Marshal, pending trial.

On February 11, 2005, Sledge filed a Motion to Suppress. After holding a hearing, on March 29, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that the Motion to Suppress be denied. Sledge filed an objection to the Report and Recommendation. On May 9, 2005, after a review of the record, the Court adopted the Report and Recommendation and denied the Motion to Suppress.

Following the Court's denial of the Motion to Suppress, no action took place in the case between May and September 2005. On September 9, 2005, Sledge filed a Motion to Dismiss under the Speedy Trial Act. The Government opposed the motion, explaining that counsel had not received notice of the Court's denial of the Motion to Suppress. However, the Court found that Sledge's rights had been violated. The Court granted the Motion to Dismiss, dismissing the Indictment without prejudice, and ordered that Sledge be released from custody.

On September 20, 2005, a sealed Complaint [Doc. No. 1] was filed in this case. On the basis of that Complaint, an arrest warrant issued the same day.

The following day, September 21, 2005, Sledge was arrested and made an initial appearance before Magistrate Judge Karen L. Hayes. Magistrate Judge Hayes set a detention hearing for September 28, 2005, and detained Sledge pending the outcome of that hearing.

On September 28, 2005, the Indictment against Sledge issued. Sledge was again charged with one count of possession with intent to distribute 500 grams or more of cocaine hydrochloride or powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A detention hearing was held the same day. Magistrate Judge Hayes took judicial notice of the evidence presented at the prior proceeding and ordered Sledge detained pending trial.

On October 6, 2005, Sledge entered a plea of not guilty before Magistrate Judge Hayes. He also moved the Court for appointment of new counsel or to represent himself at trial.

On November 7, 2005, the Government filed an Information and Notice of Prior Narcotics Conviction Pursuant to 21 U.S.C. § 851, which stated that Sledge had a prior conviction on October 22, 1996, in the Fourth Judicial District Court, for distribution of cocaine.[1]

A two-day trial was held, beginning on November 8, 2005. The jury returned a verdict of guilty against Sledge on November 9, 2005.

A sentencing hearing was held on March 6, 2006. At that time, the Court sentenced Sledge to the statutory term of imprisonment of 120 months and remanded him to the custody of the U.S.

---

[1] The Notice stated that Sledge was convicted in the Fourth Judicial District, Ouachita Parish, Louisiana. However, the Fourth Judicial District encompasses Ouachita and Morehouse Parishes. It was learned prior to his sentencing that the October 22, 1996 conviction was in Morehouse Parish.

Marshal. The Judgment did not make any reference to pending state court charges.

## Law and Analysis

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). To challenge this calculation or the manner in which his sentence is being executed, a defendant must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Under 18 U.S.C. § 3585(b)(2), a defendant is credited for the following:

any time he has spent in official detention prior to the date the sentence commences--

(1)    as a result of the offense for which the sentence was imposed; or

(2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b); *see also McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993).

Having reviewed the record in this matter, it appears to the Court that Sledge is entitled to credit for time spent in federal custody prior to the date of his sentencing. It does not appear from the record that Sledge was in the primary custody of state officials or that there is some other reason that time he spent in federal custody prior to his sentencing should not be credited on his federal sentence. However, Sledge has made no showing that he has exhausted his administrative remedies with the BOP. Therefore, the Court is without authority to consider his petition at this time.

### Conclusion

For the foregoing reasons, Sledge's letter petition for credit for time spent in federal custody [Doc. No. 64] is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-urge a new petition once he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 28 day of September, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE